**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0433, <u>In re Guardianship of A.C.; In re Guardianship of K.C.</u>, the court on January 30, 2015, issued the following order:**

We construe the petitioner's "complaint of decision," filed with this court on January 5, 2015, as a supplement to her brief filed on October 10, 2014. Having considered the brief, as supplemented, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The petitioner, the paternal grandmother of A.C. and K.C., who are minor children, appeals an order of the Circuit Court (<u>Ryan</u>, J.) denying her petitions for guardianship over the children. The children's mother objected to the petitions. To establish guardianships over the mother's objections, the petitioner was required to prove, by clear and convincing evidence, that the best interests of the children required "substitution or supplementation of parental care and supervision" either "to provide for the [children's] essential physical and safety needs," or "to prevent specific, significant psychological harm to" them. RSA 463:8, III(b) (Supp. 2014). Following an evidentiary hearing at which both the petitioner and the children's mother testified, and following the subsequent submission of a report by the New Hampshire Division for Children, Youth, and Families, the circuit court found that the petitioner had failed to carry her burden of proof, and terminated temporary guardianships that it had earlier granted the petitioner.

On appeal, the petitioner does not argue that the evidence compelled a contrary decision. Instead, she asserts that she was "denied" a hearing by the circuit court. She further requests that this court grant her visitation rights, custody of the children, and "re-guardianship" of them, asserting that since the temporary guardianships had terminated, the mother "ha[d] not let any family member see [the] children," and had threatened "to take flight with" them.

As the appealing party, the petitioner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. ___, ___ (decided September 12, 2014). Based upon our review of the circuit court's order, the petitioner's brief, as supplemented, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See <u>id</u>. To the extent that the petitioner requests that we grant her visitation rights, custody of the children, or "re-guardianship" due to the mother's refusal to allow her to see them, we note that our role on appeal is limited to reviewing

whether the circuit court erred by denying the guardianship petitions.  This order is without prejudice, however, to any relief that the petitioner may seek from the circuit court for grandparent visitation rights pursuant to RSA 461-A:13 (Supp. 2014).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**